[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-12536

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

TAREE LAMOTT ARMSTRONG,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:20-cr-00040-MW-MAF-1

_____

Before ROSENBAUM, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Taree Armstrong pleaded guilty to, and was convicted of, several drug crimes. The district court sentenced him as a career offender to 144 months in prison. On appeal, Armstrong argues that one of his past convictions—possession with intent to sell or deliver cannabis in violation of Fla. Stat. § 893.13(1)(a)—is not a "controlled substance offense" that can support his career-offender status. U.S.S.G. § 4B1.2(b). He acknowledges that this Court held otherwise in *United States v. Travis Smith*, 775 F.3d 1262, 1267–68 (11th Cir. 2014). But he insists that *Travis Smith* was abrogated by the Supreme Court's decision in *Shular v. United States*, 140 S. Ct. 779 (2020). We disagree and affirm.

First, some legal background. The Sentencing Guidelines provide that a defendant is a "career offender" if three requirements are met: (1) "the defendant was at least eighteen years old at the time [he] committed the instant offense"; (2) the offense "is a felony that is either a crime of violence or a controlled substance offense"; and (3) "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). The Guidelines define "controlled substance offense" as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled

21-12536                Opinion of the Court                3

substance . . . with intent to manufacture, import, export, distribute, or dispense." *Id.* § 4B1.2(b).

At issue is whether Armstrong's conviction under Fla. Stat. § 893.13(1)(a) fits that definition.[1]  The state law provides that "a person may not sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance," such as cannabis.  Fla. Stat. §§ 893.13(1)(a), 893.03(c).  Violation of the law is considered a second-degree felony, punishable by up to 15 years in prison.  *Id.* §§ 893.13(1)(a), 755.082(1)(d).

We've confronted this question before.  In *Travis Smith*, the defendants urged that their prior convictions for violating Fla. Stat. § 893.13(1) didn't count toward a career offender determination because, they said, the "generic" federal definition of "controlled substance offense" included a *mens rea* element.  775 F.3d at 1267.  We rejected that argument, explaining that we "need not search for the elements" of a "generic" definition because the term—"controlled substance offense"—is defined by the Sentencing Guidelines.  *Id.* Analyzing the "plain language" of that definition, we concluded that "[n]o element of *mens rea* with respect to the illicit nature of the controlled substance is expressed or implied."  *Id.*  The predicate state offense need only "'prohibit[]' . . . certain activities related to controlled substances."  *Id.* (quoting U.S.S.G. § 4B1.2(b)).  We then held that Fla. Stat. § 893.13(1) fits the bill.  *See id.* at 1268;

---

[1] This is a legal question that we review de novo. *United States v. Lange*, 862 F.3d 1290, 1293 (11th Cir. 2017).

*United States v. Bishop*, 940 F.3d 1242, 1253–54 (11th Cir. 2019) (reaffirming *Travis Smith*); *United States v. Pridgeon*, 853 F.3d 1192, 1198 (11th Cir. 2017) (same).

Here, Armstrong raises the same theory that we rejected in *Travis Smith*, *Bishop*, and *Pridgeon*—that we should employ a "generic offense analysis" and conclude that his Florida conviction doesn't qualify as a "controlled substance offense" because the law "lacks a *mens rea* element." Br. of Appellant at 18. His argument is unavailing. "[A] prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).

Seeking to invoke the exception, Armstrong asserts that the Court's decision in *Shular* abrogated our holding in *Travis Smith*. We disagree. "To constitute an overruling for the purposes of th[e] prior panel precedent rule, the Supreme Court decision must be clearly on point." *United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009) (quotation marks omitted). Further, the intervening decision must "actually abrogate or directly conflict with, as opposed to merely weaken, the holding of the prior panel." *Id*.

*Shular* doesn't satisfy those criteria. In that case, the Court affirmed one of our decisions—which relied on *Travis Smith*—in holding that a conviction under Fla. Stat. § 893.13 qualified as a "serious drug offense" under the Armed Career Criminal Act. 140 S. Ct. at 782 (affirming *United States v. Shular*, 736 F. App'x 876 (11th

Cir. 2018) (per curiam)).[2]  Like the defendant in *Travis Smith*, the *Shular* petitioner advocated for "a generic-offense matching exercise." *Id.* at 784.  The Court similarly rejected that approach, looking to the statute's text to conclude that "[t]he 'serious drug offense' definition requires only that the state offense involve the conduct specified in the federal statute." *Id.* at 782.  In reaching this conclusion—which we have said is "[c]onsistent with [*Travis*] *Smith*," *United States v. Xavier Smith*, 983 F.3d 1213, 1223 (11th Cir. 2020)—the Court did not address whether a conviction under § 893.13(1)(a) qualifies as a "controlled substance offense" under U.S.S.G. § 4B1.2(b).  Nor did it analyze whether a "serious drug offense" requires knowledge of the drug's illicit nature.  In fact, the Court explicitly refrained from deciding the issue.  *See Shular*, 140 S. Ct. at 787 n.3.  Thus, we cannot say that *Shular* "actually abrogate[d] or directly conflict[s] with" *Travis Smith* in a way that would entitle Armstrong to relief.  *Kaley*, 579 F.3d at 1255.

---

[2] Although similar, the language of the ACCA provision defining "serious drug offense" differs from that used in the Sentencing Guidelines to define "controlled substance offense."  *Compare* 18 U.S.C. § 924(e)(2)(A)(ii) (defining "serious drug offense" to include "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law"), *with* U.S.S.G. § 4B1.2(b) (defining "controlled substance offense" to include an offense under "state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense").

6                    Opinion of the Court                    21-12536

Separately, Armstrong claims that his "argument is different" from those advanced in the past as to why the text of U.S.S.G. § 4B1.2(b) supports his view. Br. of Appellant at 32. Maybe so. But that still doesn't help him. There is no exception to our prior-panel-precedent rule based on an "overlooked reason" or "perceived defect in the prior panel's reasoning or analysis." *Smith v. GTE Corp.*, 236 F.3d 1292, 1303 (11th Cir. 2001). What matters is that *Travis Smith* "squarely held that the definition of 'controlled substance offense' in § 4B1.2 does not require that a predicate state drug offense include an element of *mens rea* with respect to the illicit nature of the controlled substance." *Pridgeon*, 853 F.3d at 1198. That holding is still good law, and it resolves this appeal.

★ ★ ★

**AFFIRMED.**